PRESENT,

ENOCH WOODBRIDGE, *Chief Judge.*
LOTT HALL, } *Assistant Judges.*
NOAH SMITH, }

SOLOMON WADDAMS, Appellant,

*against*

FREDERICK BURNHAM, Appellee.

PLAINTIFF declared in debt, that the defendant render to him the several sums of 37 dols. 42 cts. 6 dols. 55 cts. and 27 dols. 42 cts. making in the whole 71 dols. 39 cts. for several judgments recovered by the plaintiff at the Court of Common Pleas holden at *Litchfield*, within and for the County of *Litchfield* and State of *Connecticut*, on the fourth *Tuesday* of *March*, 1798; which judgments are in full force, and in no part satisfied. Profert made of the record of the Court in *Connecticut*.

To plead several distinct facts, all tending to one defence, is no departure in pleading.

The defendant craved *oyer* of the records; which being read to him, it appeared, that *Burnham* was set forth as being of *Pomfret*, in the County of *Windsor* and State of *Vermont*.

In a plea in bar to debt on a foreign judgment, it is necessary to aver, that the judgment was recovered contrary to the lex loci.

Defendant then pleads in bar; because he says, that the said *Solomon Waddams*, at *Goshen*, in the County of *Litchfield* and State of *Connecticut*, on the 24th of *April*, 1797, purchased out the two writs upon which the judgments in the plaintiff's declaration mentioned were rendered, signed by *Adino Hall*, Justice of the Peace, which writs were made returna-

ble at and before the County Court then next to be holden in *Litchfield*, within, &c. on the third *Tuesday* of *September* then next, which writs were brought for the recovery of damages for the non-performance of certain promises therein alleged ; and afterwards, on the 25th of *April*, in the year aforesaid, the said *Solomon Waddams*, by *Timothy Buel*, a pretended constable of said *Goshen*, caused each of said writs to be served by attaching on each *an old chair*, which were turned out by the said *Solomon Waddams*, at his the said *Solomon's* dwelling-house in said *Goshen*, as the property of the said *Frederick Burnham*, and left copies of the said writs at the dwelling-house of the said *Solomon Waddams*.

And the said *Frederick Burnham* further says, that at the time of the pretended service of the said writs, and for a long time before, viz. for the term of twenty years next preceding the time of the pretended service of said writs, he lived and resided in the town of *Pomfret*, in the County of *Windsor* and State of *Vermont*, and not in any part of the State of *Connecticut*. That the said chairs pretended to have been attached on said writs and turned out by the said *Solomon Waddams* as aforesaid, were not, at the time of said pretended attachment, nor were they ever the property of him the said *Frederick*, nor had he at that time any property of any description in the said State of *Connecticut*. *Et hoc est paratus verificare*. Wherefore, &c.

To this plea the plaintiff demurred, and for causes of demurrer set down the following, viz.

First. That the said plea is double, alleging two separate and distinct facts, having no legal connec-

tion; for that the said plea alleges, that the said *Frederick*, at the time of the service of the said writs, was not an inhabitant of the State of *Connecticut*, but resident in *Pomfret*, *Windsor* County, State of *Vermont.* And it also alleges, that the property attached was not the estate of the said *Frederick Burnham.*

Secondly. It does not appear by said plea, but that the said writs were served conformably to the laws of the State in which said judgments were rendered, or but that the Court of Common Pleas in the State of *Connecticut* had jurisdiction of said cause.

Thirdly. The said plea is hypothetical, uncertain, and without legal form.

Joinder in demurrer.

*Daniel Buck*, for the demurrant. This plea in bar is double. Here are two issues tendered in the same plea.

HALL, Judge. According to my conception of the law, that duplicity in pleading which the law is said to abhor, exists when separate and distinct matters, which would constitute distinct defences, are pleaded. But when ever so many facts are combined in the same plea, all going to prove one defence, there is no departure in pleading.

In this case the two facts set forth in the plea in bar go to shew that the Court in *Connecticut* had no jurisdiction of the causes in which the several judgments declared upon were rendered; and this is one entire defence, and no duplicity in pleading.

*Waddams*
*v.*
*Burnham.*

Chief Judge. It is true, duress and accord and satisfaction cannot be joined in the same plea; but even this dictum of the book shews, that accord and satisfaction, distinct facts, may be coupled in the same plea, both going to make one entire defence, which would avoid the action. There is in such case no departure, and I can conceive none here.

*Buck.* We shall now endeavour to shew, that the two facts in the plea in bar are not connected; and therefore, with deference to the opinion of the Court, this present plea is not within the doctrine laid down by the bench.

If we should have carved an issue to the facts pleaded in bar, could we have coupled the facts of the defendant's being resident in *Vermont*, and his having no interest in the property attached, in the same issue? Would there not have been duplicity in our traverse. In legal acceptation, accord and satisfaction are but one fact, that the party has agreed to accept a sum in discharge of his demand, and is satisfied with it. In truth, it is the simple fact of satisfaction that is alone pleaded, and relied upon in the plea. The accord is mentioned only as the inducement to it, and never can be pleaded *safely* alone.

*Bac. Abr.* vol. 1 p. 41.

Therefore the elementary writers say, that accord is an agreement between two persons at least to give or accept something in satisfaction of a trespass, &c. done by one to the other. This agreement, *when executed,* may be pleaded in bar to an action for the trespass; for in all personal injuries, the law gives damages as an equivalent, and when the party accepts of an equivalent there is no injury or cause of com-

plaint, and therefore present satisfaction is a good
plea. But if the wrong doer only promise a future satisfaction, the injury continues until satisfaction is actually made, and consequently there is a cause of complaint in being, and if the trespass were barred by this plea, the plaintiff could have no remedy for a future satisfaction; for that supposes the injury to have continuance.

But we shall rely principally upon our second exception: that it does not appear but that the two writs were served conformably to the laws of the State in which the judgment was rendered, or but that the Court in *Connecticut* had legal jurisdiction of the same.

Certainly the law on this subject has been settled beyond controversy. In a plea in bar to a debt on a foreign judgment, it is necessary to set forth the laws of the country wherein such judgment was rendered, that the Court may determine whether the judgment has been legally obtained. The case of *Mostyn* v. *Fabrigas*, *Cowp. Rep.* p. 161. goes the full length to shew the high respect the *English* Courts entertain for foreign judgments. It is repeatedly said, in this celebrated case, that the laws of a foreign country must be pleaded.

Chief Judge. It is a point settled, that when debt is brought upon a foreign judgment rendered by *default*, the Court will go into the consideration of such judgment; and, if it appears such judgment was surreptitiously obtained, they will not render judgment upon it.

*Buck.* There is another view of the subject : if the two stated facts are true, and may be embraced in one plea, yet they cannot be taken advantage of in a plea in bar to an action of debt on judgment in this Court, or even in that in *Connecticut.* When the actions upon which our judgments are predicated were entered in the Court of Common Pleas in *Connecticut,* insufficient services might have been pleaded in abatement there, or might have been cured by personal appearance of the party in Court, and imparlance, and certainly want of service of the original writ would have been the subject of error. But the writ of error must have been brought in *Connecticut.* This Court would not reverse a judgment rendered in another State by writ of error.

*Titus Hutchinson, contra.* Here are three exceptions in demurrer to the plea in bar. The first has been overruled by the Court, the last has been abandoned by the counsel.

As to the second, which states in substance the necessity of shewing in the plea in bar, that the facts stated therein are against the laws of *Connecticut,*

We reply, that we cannot find a dictum in the books in point, but many passages to induce us to believe it is not necessary. The case cited from *Cowper's Reports* merely shews, that the Courts in *England* will take notice of foreign laws, so far as to consider them operative in relation to contracts made under them, and that the Court must assist the Jury in determining what such foreign laws are. The whole opinion of the Judge goes only to shew, that the King's Bench will inquire into the jurisdiction of

minor and unappellant Courts, pertaining to the empire; as in the case of the steward of a college, which we find in the same authority.

If it be necessary to plead the laws of *Connecticut*, this follows, that we must plead law and fact in one plea, which would be fatal.

*J. Hatch Hubbard*, against the demurrer. The only question not abandoned or overruled is, whether it is necessary to bring the law of the State of *Connecticut* upon the record in our plea in bar.

We say the gentleman has not and cannot shew any case decided, or the dictum of a single Judge, that it is necessary to plead a foreign law. *England* is a great commercial country, and frequent are the actions tried in the *English* courts of law upon contracts made in various foreign countries. The books abundantly shew, that upon the trial of such actions the laws and customs of the several countries where such contracts have been made are allowed to be shewn in evidence, and to regulate the decisions of the Courts on such contracts. But are those laws and customs ever pleaded, or spread on the record?

In our plea in bar, we offer to verify certain facts, which, if true, are sufficient to shew that our plea is good. If the verbal statement we have given of the laws of *Connecticut* be correct, which does not seem to be denied, and we had set it forth in our plea in bar, the same gentleman would have demurred, and alleged, that we had made in lieu of a double, a treble plea; two of facts, and one of law: for certainly if the law of *Connecticut* had been spread on the record, it would have been an issuable point, and the Jury

whose province it is to try facts would have had to try law.

It is said, that in the case of *Mostyn* and *Fabrigas* it is repeatedly laid down,. that a foreign law should be pleaded. This is certainly a mistake. By recurring to the report the contrary will appear. The matter there insisted upon by the counsel for *Fabrigas* is, that if *Mostyn* was that sacred person as Governor or Judge, he ought to have pleaded it. It appears, from all the arguments and points in this important case, that no one of the learned counsel ever maintained that *Mostyn* ought to have pleaded the laws of *Minorca*.

*Buck.* It appears that *Mostyn* pleaded that what he did was in pursuance of the laws of *Minorca*. In the present plea in bar there is no allusion to any law whatsoever.

HALL, Judge, to the defendant's counsel. The plaintiff says, that you have not stated in the plea in bar, that the facts therein relied upon are contrary to or have any connection with the laws of *Connecticut*.

*Hubbard.* If we have stated the necessary facts, it is not incumbent on us to state the law. We consider the law as resulting from those facts.

We can shew the case of the Duchess of *Suffolk's* will, tried both in *France* and *England*. The foreign law was not pleaded in that case. In no case has the law of a foreign country been pleaded.

HALL, Judge. In a plea in bar to debt upon a foreign judgment, I hold it necessary to aver at least that the judgment was obtained against the law of the country where such judgment was rendered. The facts disclosed in the present plea are not averred to be against any law.

Chief Judge. I am in opinion with Judge HALL.

SMITH, Judge. I am not settled in my opinion.

> Plea in bar insufficient. *Respondeas ouster* awarded.

*Daniel Buck*, for the plaintiff.
*Titus Hutchinson* and *J. Hatch Hubbard*, for defendant.